*Compiler of Law / Law Library*

**IN THE SUPERIOR COURT
OF GUAM**

THOMAS MICHAEL TOMASIAK,    )    Domestic Case no. DM 0118-10
                            )    BY
              Plaintiff,     )
                            )
     v.                     )
                            )    **FINDINGS OF FACT and
                            )    CONCLUSIONS OF LAW**
JOANIE LA VILLE TOMASIAK,    )
                            )
                            )
              Defendant.     )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on March 22, 2012. The Plaintiff was represented by Attorney Catherine Bejerana Camacho. The Defendant was represented by Attorney Daniel S. Somerfleck. Having considered the witnesses' testimony and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

## FINDINGS OF FACT

1. The parties were married in Guam on May 26, 2001;

2. Plaintiff and Defendant are the legal parents of one minor child: Stephen Tadashi La Ville Tomasiak (DOB:03/04/02);

3. The parties separated on November 9, 2009;

4. Prior to trial, the parties reached an agreement on all issues except the grounds for divorce and whether either party is entitled to a larger portion of each other's retirement;

5. The parties agreed to share joint legal and physical custody of their minor child, Stephen. In lieu of child support, Plaintiff agreed to pay the minor child's school tuition and

all costs related to education until he graduates from high school.

## CONCLUSIONS OF LAW

The issue before the Court is what grounds to dissolve the parties' marriage. Plaintiff asserts that he should be granted a divorce from the Defendant on the grounds of either adultery or irreconcilable differences.

The Court may dissolve a marriage for adultery, extreme cruelty, or irreconcilable differences. 19 GCA § 8203. Adultery is the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife. 19 GCA § 8204. Extreme cruelty is the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage. 19 GCA § 8205.

If the decree be rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions as the court, from all the facts in the case, and the condition of the parties, may deem just. 19 GCA § 8411(a). If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property shall be equally divided between the parties. 19 GCA § 8411(b).

Although the Court recognizes there is evidence brought forward with regards to whether the Defendant was having voluntary sexual intercourse with someone other than the Plaintiff, the Court finds that there is sufficient evidence presented at trial to find that the Plaintiff suffered extreme cruelty as a result of the Defendant's actions during the time of the marriage.

As defined in 19 GCA § 8205 extreme cruelty is the wrongful infliction of grievous bodily injury or grievous mental suffering. The "grievous mental suffering" could be humiliation or embarrassment, determined in light of the intelligence, refinement, and delicacy of sentiment of the plaintiff. *See Keener v. Keener,* 18 Cal.2d 445, 448 (1941) (loss of temper; fault finding and

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

criticism in presence of friends); *Bush v. Bush,* 72 Cal.App.2d 487, 492 (1946) (wife lost interest in home and child, and associated with other men); *Del Ruth v. Del Ruth,* 75 Cal.App.2d 638, 644 (1946) (profane and vulgar language); *Silverstein v. Silverstein,* 76 Cal.App.2d 872, 874 (1946) (insults, threats, humiliation).

In the instant case, there is no evidence of bodily injury, but there is evidence of grievous mental suffering. For instance, the Defendant refused to engage in sexual relations with the Plaintiff throughout the marriage; the Defendant was verbally abusive towards the Plaintiff throughout the marriage; the Defendant depleted community funds that the Plaintiff earned during his time at war (approximately $80,000.00); Plaintiff was kicked out of his house after returning from war; and there was sufficient evidence to prove that the Defendant was associating with another man while the Plaintiff was away at war. The Court finds that such actions, especially when viewed in light of each other, constitute extreme cruelty. Such extreme cruelty, justifies an inequitable distribution of the parties' retirement benefits.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Plaintiff a divorce from the Defendant on the ground of extreme cruelty. As a result, the Court GRANTS Plaintiff's request for a disproportionate sharing of the parties' retirement plans. Each party shall retain a 100% interest in their respective retirement accounts/plans.

SO ORDERED, this _____ day of _____8/2_____ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 0 2 2012

Evelyn P. Borja
Deputy Clerk, Superior Court of Guam